IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WESTHEIMER REGENCY I, LP | § § § | |
| Plaintiff, | § § | |
| vs. | § § § | |
| GREAT LAKES REINSURANCE (U.K.) SE, CERTAIN UNDERWRITERS AT LLOYDS, LONDON, ASPEN SPECIALTY INSURANCE COMPANY, INDIAN HARBOR INSURANCE COMPANY, COMMERCIAL INDUSTRIAL BUILDING OWNERS ALLIANCE, INC., CLAIMS ADJUSTING GROUP, INC. JOHN EUGENE BRINKLEY, ATAIN SPECIALTY INSURANCE COMPANY, COMMERCIAL INDUSTRIAL | § § § § § § § § § § § § § § | NO:   SA: 18-CV-00014-OLG |
| Defendants. | § § § | |

---

**AMENDED ANSWER OF DEFENDANTS THOSE CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON (BRIT UK SYNDICATE 2987)**

---

**TO THE HONORABLE JUDGE OF SAID COURT**

COMES NOW Those Certain Underwriters at Lloyd's of London (BRIT UK Syndicate 2987) ("Brit"), some of the Defendants in the above styled and numbered cause, and files this their Amended Answer to Plaintiff's Original Petition.

### GENERAL DENIAL

1. Brit denies each and every allegation contained in the Plaintiff's Original Petition (the "Petition"), except as otherwise admitted, qualified or explained herein.

## SPECIAL DENIALS

2. This suit is premature because Brit's Policy is an excess policy, and the limits of the underlying policies have not been paid. Brit was one of 19 insurers participating on the insurance program on which Plaintiff bases its claim. The distinct and separate obligations of each insurer on the risk was set out in Appendix "BP" of the CIBA Commercial Lines Declarations, titled "Schedule of Participating Insurance Companies." Brit's obligations to pay under the Policy are only triggered in the event that the limit of $30,000,000.00 is exceeded. Plaintiff has made no claims or allegations that would indicate that this layer of coverage has been reached. Brit owes no duties to Plaintiff unless and until the complete policy limits of the underlying policies have been paid.

3. Plaintiff's Petition repeatedly refers to the "Carriers," presumably referring to all insurers who have been named a party to this suit. Plaintiff's Petition entirely fails to describe any allegations specifically against Brit, despite the fact that each of the alleged "Carriers" are separate legal entities with distinct obligations under the Policy. Plaintiff's generalized allegations against the "Carriers" are insufficient to give notice to Defendant Brit of the basis of Plaintiff's claims and the factual allegations against Defendant Brit. The generalized allegations in Plaintiff's Petition thus fail to satisfy the specificity requirement of Federal Rule Civil Procedure 8.

## ANSWER

4. Brit admits the allegations contained in paragraph 1 of the Petition.

5. With respect to paragraph 2 of the Petition, Brit is without knowledge or information sufficient to form a belief as to the truth or falsity regarding the nature of Defendant Great Lakes Reinsurance (U.K.) SE's operations or proper service contacts to the State of Texas.

6. With respect to paragraph 3 of the Petition, Brit is without knowledge or information sufficient to form a belief as to the truth or falsity regarding the nature of Defendant Alterra America Insurance Company's operations or proper service contacts to the State of Texas.

7. With respect to paragraph 4 of the Petition, Brit is without knowledge or information sufficient to form a belief as to the truth or falsity regarding the nature of Defendant Aspen Specialty Insurance Company's operations or proper service contacts to the State of Texas.

8. With respect to paragraph 5 of the Petition, Brit is without knowledge or information sufficient to form a belief as to the truth or falsity regarding the nature of Defendant Indian Harbor Insurance Company's operations or proper service contacts in the State of Texas.

9. With respect to paragraph 6 of the Petition, Brit is without knowledge or information sufficient to form a belief as to the truth or falsity regarding the nature of Defendant Starr Surplus Lines Insurance Company's operations or proper service contacts in the State of Texas.

10. With respect to paragraph 7 of the Petition, Brit is without knowledge or information sufficient to form a belief as to the truth or falsity regarding the nature of Defendant Homeland Insurance Company of New York's operations or proper service contacts in the State of Texas.

11. With respect to paragraph 8 of the Petition, Brit is without knowledge or information sufficient to form a belief as to the truth or falsity regarding the nature of Defendant Ironshore Specialty Insurance Company's operations or proper service contacts in the State of Texas.

12. With respect to paragraph 9 of the Petition, Brit denies that Underwriters is a foreign insurance company or that Plaintiffs allegations against "Underwriters" constitute a proper

pleading or service on Brit. Brit admits that they have engaged in the business of insurance in Texas.

13. With respect to paragraph 10 of the Petition, Brit is without knowledge or information sufficient to form a belief as to the truth or falsity regarding the nature of Defendant Atain Specialty Insurance Company's operations or proper service contacts in the State of Texas.

14. With respect to paragraph 11 of the Petition, Brit is without knowledge or information sufficient to form a belief as to the truth or falsity regarding the nature of Defendant Commercial Industrial Building Owners Alliance, Inc.'s operations or proper service contacts in the State of Texas.

15. With respect to paragraph 12 of the Petition, Plaintiff dismissed its claims against Defendant Disaster America prior to the removal of this suit to federal court.

16. With respect to paragraph 13 of the Petition, Brit is without knowledge or information sufficient to form a belief as to the truth or falsity regarding the nature of Defendant Claims Adjusting Group, Inc.'s operations or proper service contacts in the State of Texas.

17. With respect to paragraph 14 of the Petition, Plaintiff dismissed its claims against Defendant Kerry Wayne Owens prior to the removal of this suit to federal court.

18. With respect to paragraph 15 of the Petition, Brit is without knowledge or information sufficient to form a belief as to the truth or falsity regarding the nature of Defendant John Brinkley's operations or proper service contacts in the State of Texas.

19. Paragraph 16 is not applicable to these federal proceedings.

20. Brit admits the allegations in paragraph 17 of the Petition.

21. Brit admits the allegations contained in paragraph 18 of the Petition.

22. With respect to paragraph 19 of the Petition, Plaintiff dismissed its claims against Defendant Disaster America prior to the removal of this suit to federal court.

23. With respect to paragraph 20 of the Petition, Brit is without knowledge or information sufficient to form a belief as to the truth or falsity regarding Plaintiff's jurisdictional claim against Defendant CAG.

24. With respect to paragraph 21 of the Petition, Plaintiff dismissed its claims against Defendant Kerry Wayne Owens prior to the removal of this suit to federal court.

25. With respect to paragraph 22 of the Petition, Brit is without knowledge or information sufficient to form a belief as to the truth or falsity regarding Plaintiff's jurisdictional claim against Defendant Brinkley.

26. With respect to paragraph 23 of the Petition, Defendant denies that venue is proper in the District Court for the State of Texas in Bexar County, Texas. This case was properly removed to the United States District Court for the Western District of Texas, San Antonio Division.

27. With respect to paragraph 24 of the Petition, Brit admits that Plaintiff is the owner of Policy No. B0775CPCP65215 (the "Policy"). Brit admits that it was one of 19 insurers participating on the risk.

28. With respect to paragraph 25 of the Petition, Brit admits that Plaintiff owned the insured property located at 8725 Marbach Road, San Antonio, Texas 78227 (the "Property"). Brit admits that the Property is covered by the Policy.

29. Brit denies the allegations in paragraph 26.

30. With respect to paragraph 27 of the Petition, Brit is without knowledge or information sufficient to form a belief as to the submission of the Claim to "Carriers" or the cost

of repairs claimed by Plaintiff. Brit denies the Plaintiff ever submitted its claim to Brit or that Plaintiff ever requested that Brit cover any cost of repairs for the Claim.

31. With respect to paragraph 28 of the Petition, Brit is without knowledge or information sufficient to form a belief as to the alleged reason for the termination of Body Alive's lease on the property or the duration of the original lease agreement.

32. With respect to paragraph 29 of the Petition, Brit is without knowledge or information sufficient to form a belief as to the "Carriers" assignment of the claim to any individual adjusters. At this time, Brit is without knowledge or information sufficient to form a belief as to the qualification or performance of the adjusters in inspecting and valuation of the Claim. Brit denies that it had any role in assigning any individual adjusters to the claim because the claim was never submitted to Brit.

33. With respect to Paragraph 30, Brit is without knowledge or information sufficient to form a belief as to the adjustment of the Claim by Defendants Owens and Brinkley.

34. With respect to Paragraph 31, Brit is without knowledge or information sufficient to form a belief as to the relationship between the adjusters and CIBA and Great Lakes. Brit is without knowledge or information sufficient to form a belief as to the adjustment of the claim. Brit denies that it created any conflict of interest or that any action by or on behalf of Brit resulted in an improper adjustment or underpayment of Plaintiff's insurance claim.

35. With respect to Paragraph 32, Brit is without knowledge or information sufficient to form a belief as to the review and supervision provided by Great Lakes and CIBA over the adjustment process. Brit denies that it wrongfully denied on the claim. Brit denies that any act or omission by Brit caused Plaintiff to suffer damages.

36. Brit denies the allegations contained in paragraph 33 of the Petition, to the extent Plaintiffs' general allegations against "Defendants" refer to any act or omission by Brit.

37. Brit denies the allegations contained in paragraph 34 of the Petition, to the extent Plaintiffs' general allegations against "Carriers" refer to any act or omission by Brit.

38. With respect to paragraph 35, Brit admits that it has not made any payment on the Claim under the Policy because Brit's Policy is an excess policy, and the limits of the underlying policies have not been paid. Brit denies the remaining allegations contained in this paragraph.

39. With respect to paragraph 36, Brit denies that it failed to perform its contractual duties under the Policy. Brit admits that it has not made any payment under the Policy, but denies that any proper demand was made to Brit by Plaintiff. Brit denies that Plaintiff has satisfied all conditions precedent to any recovery on the Policy with Brit. Brit is without knowledge or information sufficient to form a belief as to whether Plaintiff has been fully compensated for the damages alleged. Brit denies that any conduct by Brit constitutes a breach of any insurance contract.

40. Brit denies the allegations contained in paragraph 37 of the Petition, to the extent Plaintiffs' general allegations against "Defendants" refer to any act or omission by Brit.

41. Brit denies the allegations contained in paragraph 38 of the Petition, to the extent Plaintiffs' general allegations against "Defendants" refer to any act or omission by Brit.

42. Brit denies the allegations contained in paragraph 33 of the Petition, to the extent Plaintiffs' general allegations against "Defendants" refer to any act or omission by Brit.

43. Brit denies the allegations contained in paragraph 39 of the Petition, to the extent Plaintiffs' general allegations against "Defendants" refer to any act or omission by Brit.

44.     Brit denies the allegations contained in paragraph 40 of the Petition, to the extent Plaintiffs' general allegations against "Defendants" refer to any act or omission by Brit.

45.     Brit denies the allegations contained in paragraph 41 of the Petition, to the extent Plaintiffs' general allegations against "Defendants" refer to any act or omission by Brit.

46.     Brit denies the allegations contained in paragraph 42 of the Petition, to the extent Plaintiffs' general allegations against "Defendants the Carriers" refer to any act or omission by Brit.

47.     Brit denies the allegations contained in paragraph 43 of the Petition, to the extent Plaintiffs' general allegations against "Defendants the Carriers" refer to any act or omission by Brit.

48.     With respect to paragraph 44, Brit denies that it has failed to meet any obligations under the Texas Insurance Code regarding payment of the Claim. Brit admits that it has not made any payment of the Claim under the Policy, but denies that it had any duty to pay on the claim unless and until the complete policy limits of the underlying policies have been paid. Brit is without knowledge or information sufficient to form a belief as to whether Plaintiff has received full payment for the claim. Brit denies that any act or omission by Brit constitutes a violation of the Texas Insurance Code.

49.     With respect to paragraph 45, Brit denies that Plaintiff properly presented its claim to Brit. Brit denies that it has any obligation to pay the Claim in accordance with the terms of the Policy because the limits of the underlying policies have not been paid. Brit admits that it has not made any payment under the Policy, based on the fact that Brit's policy is an excess policy and the limits of the underlying policies have not been paid. Brit denies that any act or omission by Brit constitutes a breach of the common law duty of good faith and fair dealing.

50. Brit denies the allegations contained in paragraph 46 of the Petition, to the extent Plaintiffs' general allegations against "Defendants" refer to any act or omission by Brit.

51. With respect to paragraph 47, Brit denies any wrongful act or omissions. Brit admits that Plaintiff has hired an attorney and law firm to represent it in this cause of action.

52. Brit denies the allegations contained in paragraph 48 of the Petition, to the extent Plaintiffs' general allegations against the "Carriers" refer to any act or omission by Brit.

53. No answer is required for paragraph 49.

54. With respect to paragraph 50, to the extent Plaintiffs' general allegations against Defendants refer to any act or omission by Brit, Brit denies the allegations. Brit is without knowledge or information sufficient to form a belief as to the acts or omissions alleged against Owens, Brinkley CAG and Disaster in this paragraph.

55. With respect to paragraph 51, Brit is without knowledge or information sufficient to form a belief as to the acts or omissions alleged against Owens, Brinkley CAG and Disaster.

56. With respect to paragraph 52, Brit is without knowledge or information sufficient to form a belief as to the acts or omissions alleged against Owens, Brinkley CAG and Disaster. Brit denies that these Defendants were acting on behalf of Brit.

57. Brit denies the allegations contained in paragraph 53 of the Petition, to the extent Plaintiffs' general allegations against Defendants refer to any act or omission by Brit.

58. With respect to paragraph 54, Brit is without knowledge or information sufficient to form a belief as to the acts or omissions alleged against Owens, Brinkley CAG and Disaster.

59. With respect to paragraph 55, Brit is without knowledge or information sufficient to form a belief as to the acts or omissions alleged against Owens, Brinkley CAG and Disaster.

60. With respect to paragraph 56, Brit is without knowledge or information sufficient to form a belief as to the acts or omissions alleged against Owens, Brinkley CAG and Disaster.

61. With respect to paragraph 57, Brit is without knowledge or information sufficient to form a belief as to the acts or omissions alleged against Owens, Brinkley CAG and Disaster. Brit denies that Plaintiff's roof damage was properly reported to Brit.

62. Brit denies the allegations contained in paragraph 58 of the Petition to the extent Plaintiffs' general allegations against the "Carriers" refer to any act or omission by Brit.

63. Brit denies the allegations contained in paragraph 59 of the Petition to the extent Plaintiffs' general allegations against the "Carriers" refer to any act or omission by Brit.

64. Brit denies the allegations contained in paragraph 60 of the Petition to the extent Plaintiffs' general allegations against the "Carriers" refer to any act or omission by Brit.

65. Brit denies the allegations contained in paragraph 61 of the Petition to the extent Plaintiffs' general allegations against the "Carriers" refer to any act or omission by Brit.

66. Brit denies the allegations contained in paragraph 62 of the Petition to the extent Plaintiffs' general allegations against the "Carriers" refer to any act or omission by Brit.

67. Brit denies the allegations contained in paragraph 63 of the Petition to the extent Plaintiffs' general allegations against the "Carriers" refer to any act or omission by Brit.

68. Brit denies the allegations contained in paragraph 64 of the Petition to the extent Plaintiffs' general allegations against the "Carriers" refer to any act or omission by Brit.

69. Brit denies the allegations contained in paragraph 65 of the Petition to the extent Plaintiffs' general allegations against the "Carriers" refer to any act or omission by Brit.

70. Brit denies the allegations contained in paragraph 66 of the Petition.

71. Brit denies the allegations contained in paragraph 67 of the Petition to the extent Plaintiffs' general allegations against the "Carriers" refer to any act or omission by Brit.

72. Brit denies the allegations contained in paragraph 68 of the Petition to the extent Plaintiffs' general allegations against the "Carriers" refer to any act or omission by Brit.

73. Brit denies the allegations contained in paragraph 69 of the Petition to the extent Plaintiffs' general allegations against the "Carriers" refer to any act or omission by Brit.

74. Brit denies the allegations contained in paragraph 70 of the Petition to the extent Plaintiffs' general allegations against the "Carriers" refer to any act or omission by Brit.

75. Brit denies the allegations contained in paragraph 71 of the Petition.

76. With respect to paragraph 72, Plaintiff's statement that it is not making any claims for relief under federal law does not require a response.

77. Brit denies the allegations contained in paragraph 73 of the Petition to the extent the improperly named "Underwriters" refers to Brit. Brit further denies that the allegations contained in this or any subsequent paragraph in Section "G. Fraud" of Plaintiff's Petition satisfy the pleading specificity requirements contained in Federal Rule of Civil Procedure §9(b).

78. Brit denies the allegations contained in paragraph 74 of the Petition to the extent the improperly named "Underwriters" refers to Brit. Brit further denies that the allegations contained in this or any other paragraph in Section "G. Fraud" of Plaintiff's Petition satisfy the pleading specificity requirements contained in Federal Rule of Civil Procedure §9(b).

79. Brit denies the allegations contained in paragraph 75 of the Petition. Brit further denies that the allegations contained in this or any subsequent paragraph in Section "G. Fraud" of Plaintiff's Petition satisfy the pleading specificity requirements contained in Federal Rule of Civil Procedure §9(b).

80. Brit denies the allegations contained in paragraph 76 of the Petition to the extent the improperly named "Underwriters" refers to Brit. Brit further denies that the allegations contained in this paragraph comprising the entirety of Section "H. Conspiracy to Commit Fraud" of Plaintiff's Petition satisfies the pleading specificity requirements contained in Federal Rule of Civil Procedure §9(b).

81. Brit denies the allegations contained in paragraph 77 of the Petition.

82. With respect to paragraph 78, Brit is without knowledge or information sufficient to form a belief as to what repairs have been made to Plaintiff's property. Brit denies the remaining allegations in this paragraph to the extent Plaintiffs' general claim against Defendants refer to any act or omission by Brit.

83. Brit denies the allegations contained in paragraph 79 of the Petition.

84. Brit denies the allegations contained in paragraph 80 of the Petition.

85. Brit denies the allegations contained in paragraph 81 of the Petition.

86. Brit denies the allegations contained in paragraph 82 of the Petition.

87. Brit denies the allegations contained in paragraph 83 of the Petition.

88. Brit denies the allegations contained in paragraph 84 of the Petition.

89. With respect to paragraph 85, Plaintiff's demand for a jury trial requires no response.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED Brit prays that Plaintiff take nothing by its suit, for costs of court, and for such other and further relief to which Brit may show itself to be justly entitled.

Respectfully submitted,

/s/ *Carter L. Ferguson*
Carter L. Ferguson
State Bar Number 06909500
cferguson@belaw.com
Laura W. Docker
State Bar No. 24044562
ldocker@belaw.com

Brackett & Ellis, P.C.
100 Main Street
Fort Worth, Texas 76102-3090
(817) 338-1700
(817) 870-2265 fax

**ATTORNEY FOR DEFENDANT THOSE CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON (Brit UK SYNDICATE 2987)**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

JEFFREY L. RAIZNER
ANDREW P. SLANIA
AMY B. HARGIS
BEN WICKERT
2402 Dunlavy Street
Houston, Texas 77006
efile@raiznerlaw.com
**ATTORNEYS FOR PLAINTIFF WESTHEIMER REGENCY I, LP**

LES PICKETT
JAKE KAUFFMAN
GALLOWAY, JOHNSON, TOMPKINS, BURR, & SMITH
1301 McKinney Suite 1400
Houston, Texas 77010
lpickett@gallowaylawfirm.com
kjkauffman@gallowaylawfirm.com
**ATTORNEYS FOR DEFENDANTS GREAT LAKES REINSURANCE (U.K.) SE, ASPEN SPECIALTY INSURANCE COMPANY, INDIAN HARBOR INSURANCE COMPANY, ATAIN SPECIALTY**

INSURANCE COMPANY, COMMERCIAL INDUSTRIAL BUILDING OWNERS ALLIANCE, INC., CLAIMS ADJUSTING GROUP, INC., AND JOHN EUGENE BRINKLEY

DATED this 30th day of May, 2018.

/s/ *Carter L. Ferguson*
Carter L. Ferguson