FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

AUG 2 0 2018

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| WESTHEIMER REGENCY I, L.P., ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> GREAT LAKES REINSURANCE (UK) SE, ) <br> CERTAIN UNDERWRITERS AT LLOYDS ) <br> LONDON, ALTERRA AMERICA ) <br> INSURANCE COMPANY, ASPEN ) <br> SPECIALTY INSURANCE COMPANY, ) <br> INDIAN HARBOR INSURANCE COMPANY,) <br> STARR SURPLUS LINES INSURANCE ) <br> COMPANY, COMMERCIAL INDUSTRIAL ) <br> BUILDING OWNERS ALLIANCE, INC., ) <br> IRONSHORE SPECIALTY INSURANCE ) <br> COMPANY, HOMELAND INSURANCE ) <br> COMPANY OF NEW YORK, CLAIMS ) <br> ADJUSTING GROUP, INC., JOHN EUGENE ) <br> BRINKLEY, and ATAIN SPECIALTY ) <br> INSURANCE COMPANY, ) <br> ) <br> *Defendants*. ) | Civil No. 5:18-CV-14-OLG |

## ORDER

This case is before the Court on Plaintiff's Motion to Compel Deposition Testimony on Certain Rule 30(b)(6) Topics (docket no. 33). The Court finds that the motion to compel should be GRANTED.

**Background**

Plaintiff initiated this litigation by filing its Original Petition in the 285th Judicial District Court of Bexar County. Docket no. 1-1. Plaintiff, a Texas corporation, is the owner of property located at 8725 Marbach Road in San Antonio Texas (the Property) that was damaged during a hailstorm that occurred on April 13, 2016. Docket no. 17 at ¶¶ 1, 17-18. Defendants issued an

insurance policy covering the Property through the CIBA Industrial/Residential Property Insurance Program. Docket nos. 1 at ¶ 2; 17 at ¶¶ 2-13, 16. Plaintiff alleges that Defendants inadequately investigated and underpaid its claim for property damage arising from the April 2016 storm, and asserts claims for unfair settlement practices in violation of Chapter 541 of the Texas Insurance Code, docket no. 17 at ¶¶ 41-49, 52-57; breach of contract, *id.* at ¶ 50; violation of the prompt payment requirements of Chapter 541 of the Texas Insurance Code, *id.* at ¶¶ 58-61; and breach of the duty of good faith and fair dealing, *id.* at ¶ 62. Plaintiff seeks damages in excess of $75,000. Docket no. 17 at ¶ 14.

The parties have agreed to an August 23 and 24 deposition of Greg Nardone, who has been designated pursuant to Fed. R. Civ. P. 30(b)(6) as the corporate representative for Defendants Great Lakes Reinsurance (UK) SE, Commercial Industrial Building Owners Alliance, Inc., and Claims Adjusting Group, Inc. Docket no. 33 at 3. Defendants have asserted objections to several of the topics set forth in the deposition notice, and Plaintiff's motion to compel seeks an order overruling certain of those objections.

## Legal Standards and Analysis

Rule 30(b)(6) of the Federal Rules of Civil Procedure permits a party to name a corporation as a deponent. The party seeking the depose the corporation must "describe with reasonable particularity the matters for examination[,]" and the individual designated to testify on the corporation's behalf must then "testify about information known or reasonably available to the organization." If the corporation objects to any matter set forth in the deposition notice, it "bears the burden of demonstrating to the court that the notice is objectionable or insufficient" and may file a motion for a protective order pursuant to Fed. R. Civ. P. 26(c) in order to make

that showing.[1] *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014) (quoting *Robinson v. Quicken Loans, Inc.*, 3:12-CV-00981, 2013 WL 1776100, at *3 (S.D.W. Va. Apr. 25, 2013)); *see also New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, 242 F.R.D. 164, 166 (D. Mass. 2007) (noting that "there is no provision in the rules which provides for a party whose deposition is noticed to serve objections so as to be able to avoid providing the requested discovery until an order compelling discovery is issued").

First, Defendants have objected to Plaintiff's proposed inquiry into "[t]he procedures or policies or manuals related to the handling of property damage claims from 2015 to the present[,]" on relevance, proportionality, and undue burden grounds, and have asserted that "Defendant has previously advised Plaintiff that it did not maintain responsive materials." Docket no. 37-1 at 3-4. The Court finds that Defendants' objections lack merit. While Plaintiff's complaint does not allege any violation of any internal policy regarding the handling of property damage claims, it is likely that such policies would be relevant to Plaintiff's allegations that Defendants processed Plaintiff's claim in a manner inconsistent with the requirements of the Texas Insurance Code. And if Defendants' testimony is truly that Great Lakes maintains no procedures or policies or manual relating to the handling of property damage claims—a surprising claim given their representation that "Defendant Great Lakes was responsible for the adjustment and initial payment of Plaintiff's claim" docket no. 28 at ¶ 4—it is not necessary to enter a protective order or modify the deposition notice: the corporate representative may simply testify as such.

---

[1] Although this was not the procedure by which this discovery dispute was presented to the Court, further motions practice is not necessary. The Court will construe the parties' filings as a motion seeking a protective order, and will hold Defendants to their burden of showing that the deposition notice should be modified.

Second, Defendant has objected to Plaintiff's proposed inquiry into "[d]uties owed to Plaintiff under the Texas Insurance Code, common law, or other applicable law, and its delegation of those duties to any third party" on the basis that "this topic . . . is overly broad in that it seeks a legal opinion from a lay witness." Docket no. 37-1 at 4. Defendants' objection does not actually present an overbreadth issue, and the proposed inquiry is not improper merely because a lay witness would be asked to explain their understanding of Defendants' legal obligations. *Sigmund v. Starwood Urban Retail VI, LLC*, 236 F.R.D. 43, 47 (D.D.C. 2006) (discussing *Ecrix Corp. v. Exabyte Corp.*, 95 F.Supp.2d 1155, 1158–59 (D.Colo. 2000)). And to the extent that this line of inquiry might result in improper legal opinion testimony from a lay witness, an objection to that testimony would be better raised in a motion seeking to exclude such testimony at trial.

Third, Defendants have objected to Plaintiff's proposed inquiry into "Great Lakes's participation in the CIBA Insurance program as it relates to Plaintiff, the Property, or the Policy, including the structure of the program and the individuals involved in its maintenance" on relevance, proportionality, and overbreadth grounds, and because they argue that "the terms 'participation,' 'structure of the program,' and 'its maintenance' are vague and ambiguous." Docket no. 37-1 at 4. The participation of Great Lakes and the other Defendants in the CIBA Insurance program are central to this case, and the Court therefore finds no merit in Defendants' objections that inquiry into that participation is irrelevant or disproportionate to the needs of the case. To the extent that there is any uncertainty regarding the meaning of the terms "participation," "structure of the program," or "maintenance," such uncertainty could easily be dispelled through the clarification of any unclear questions asked during the deposition, and does not require modification of the deposition notice. *Beach Mart, Inc. v. L & L Wings, Inc.*, 302

F.R.D. 396, 405 (E.D.N.C. 2014) ("discovery requests 'should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request.' . . . Neither should parties craft objections to requests for production of documents or to noticed topics of Rule 30(b)(6) depositions so as to avoid disclosure." (internal citations omitted)). Regardless of whether Plaintiff intends to inquire into CIBA's participating insurers or internal corporate structure, the corporate representative should be prepared to testify regarding either topic to the extent that those topics touch upon the operations of the parties on whose behalf he has been designated as a corporate representative. The fact that the extent of Defendants' involvement in the CIBA Insurance program remains unclear underscores the necessity of this inquiry. For this same reason, the Court finds no merit in Defendants' objection to Plaintiff's proposed inquiry into "CIBA's legal compliance policies and procedures, including its ability to conduct insurance business in Texas." Docket no. 33 at 7.

Fourth, Defendants have objected to Plaintiff's proposed inquiry into "[t]he criteria and procedures for the selection and retention of independent adjusters and consultants handling wind damage claims including, where applicable, the contract between the Great Lakes and any third party adjusting company responsible for adjusting Plaintiffs' claim" on overbreadth and proportionality grounds, and because "Defendant was not responsible for the selection and retention of independent adjusters or consultant in this claim, has no knowledge of Great Lakes' contractual agreements with third parties[.]" Docket no. 37-1 at 5. Since Plaintiff has asserted claims that dispute the qualifications of the independent adjusters who investigated its claim, its proposed inquiry into the criteria by which those adjusters were selected is both relevant and proportionate. Defendants—who have asserted that "Defendant Great Lakes was responsible for the adjustment and initial payment of Plaintiff's claim" docket no. 28 at ¶ 4—have also asserted

in objection to this proposed inquiry that Defendant Great Lakes "was not responsible for the selection and retention of independent adjusters or consultant in this claim" and "has no knowledge of Great Lakes' contractual agreements with third parties[.]" Docket no. 37-1 at 5. To the extent that the corporate representative lacks personal knowledge, it is Defendants' obligation to "prepare [him] to give 'knowledgeable and binding answers for the corporation.'" *Beach Mart*, 302 F.R.D. at 406 (quoting *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996), *aff'd*, 166 F.R.D. 367 (M.D.N.C. 1996)). In any event, this purported lack of knowledge does not present a basis for entering a protective order or modifying the deposition notice: Defendants should simply explain their lack of knowledge in their testimony, and testify in a manner that clarifies Great Lakes' involvement in the selection of the adjusters and the initial handling of Plaintiff's claim.

Fifth, Defendants have objected to Plaintiff's proposed inquiry into "[t]he decision-making regarding reserves set on the Claim" on overbreadth, relevance, and proportionality grounds. Docket no. 37-1 at 3. Defendants once again rely upon *Dizdar v. State Farm Lloyds*, 7:14-CV-402, 2015 WL 12780640, at *8 (S.D. Tex. Jan. 21, 2015), for the proposition that information regarding the reserve amount established for Plaintiff's claim is beyond the scope of discovery because good faith bases may exist for the payment of less than the reserve amount. Docket no. 37 at ¶ 10 (citing *Dizdar v. State Farm Lloyds*, 7:14-CV-402, 2015 WL 12780640, at *8 (S.D. Tex. Jan. 21, 2015)). However, the Court agrees that evidence regarding the decision-making process regarding the establishment of a reserve amount with respect to a particular claim may be relevant because it "could well belie a later claim that the insurer thought in good faith that there was no possibility of the claim falling within coverage." *Trinity E. Energy, LLC v. St. Paul Surplus Lines Ins. Co.*, 4:11-CV-814-Y, 2013 WL 12124022, at *2 & n.4 (N.D. Tex.

Mar. 8, 2013); *Star Creek Ctr., LLC v. Seneca Ins. Co., Inc.*, 4:17-CV-00607, 2018 WL 1934084, at *4 n.1 (E.D. Tex. Apr. 23, 2018). To the extent that Defendants contend that the settlement amount they offered was smaller than an initially established reserve amount for reasons that do not indicate any bad faith on their part, the corporate representative should simply testify accordingly, and the Court can assess the probative value of that testimony against any prejudicial effect it might have in determining whether to admit that testimony at trial. *Trinity E. Energy*, 2013 WL 12124022, at *2 ("evidence regarding . . . loss reserves is irrelevant if it lacks any tendency to show that [defendant insurer] knew or should have known that its liability was reasonably clear, yet still denied Plaintiffs' claim.").

The Court accordingly finds that, as to the deposition topics set forth in Plaintiff's Motion to Compel (docket no. 33), Defendant has failed to show that entry of a protective order is necessary or that modification of those topics is required.

### Conclusion and Order

It is therefore ORDERED that Plaintiff's Motion to Compel Deposition Testimony on Certain Rule 30(b)(6) Topics is GRANTED.

SIGNED this 19 day of August, 2018.

ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE